UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VRP VANOVER ENTERPRISES INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION H-06-1551 |
| § | |
| HOWARD PAUL GAFFNEY, § | |
| § | |
| Defendants. § | |

# Opinion on Summary Judgment

1.  *Introduction.*

   Paul Gaffney bought some land in West Virginia. He issues a promissory note for the purchase price. His seller owed on the first mortgage and agreed to pay it as Gaffney paid it. Gaffney did not pay. The note had two installments, and he paid neither. He also did not pay the property taxes as he had agreed. VRP Vanover Enterprises Inc., the seller and holder of Gaffney's note, seeks the principal, interests, costs, and attorney's fees. It prevails.

2.  *Background.*

   Vanover bought the Lynch Commissary Building from the Smiths in 1988. Vanover was paying the Smiths for the land in monthly installments. The Smiths retained a lien to secure the payments.

   In August 2001, Vanover sold the property to Gaffney for $80,000. After signing the purchase contract and deed, Vanover sent them to Gaffney. Three days later, Gaffney signed the documents along with a promissory note, returning the note to Vanover. Gaffney's real estate lain note was ordinary. In addition to the two installments, he agreed that if he did not pay on time he would be liable for interest, costs, and attorney's fees.

   Gaffney failed to pay Vanover. Ten days after the second and last installment was due, Vanover sent Gaffney a demand. In the meantime, Vanover continued to pay its

monthly mortgage payment to the Smiths. Eventually, it quit paying, and two years after Gaffney's default, the Smiths reacquired the property through foreclosure.

Vanover now seeks to recover:

| | | |
|---|---|---:|
| a. | The purchase price | $80,000.00 |
| b. | Pre-judgment interest | $24,816.00 |
| c. | Property taxes from 2001 to 2003 | $1,326.77 |
| d. | Loss to credit reputation | $10,000.00 |
| e. | Litigation Expenses | $881.64 |
| f. | Attorney fees | $15,150.00 |

Gaffney does not dispute that he promised to pay for the property, but argues that the note was not supported by consideration because Vanover did not deliver the deed to him. Additionally, Gaffney says he was entitled to notice before the debt was accelerated and the property was foreclosed.

3.  *Consideration.*

If a party to a contract fails to deliver the consideration, the other party escapes the obligation to perform. *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, no writ). Gaffney's defense is not valid because Vanover delivered the deed. A deed is delivered when the grantor, with the intent that title pass, gives the grantee control of the deed. *Steffian v. Milmo Nat. Bank*, 69 S.W. 823, 824 (Tex. 1888). A deed is presumed to have been validly delivered when the grantee possesses it. *Fox v. Lewis*, 344 S.W.2d 731, 741 (Tex. Civ. App.—Austin 1961, writ refused n.r.e.).

Gaffney acknowledged, by his notarized signature, that Vanover gave him control of the deed. Next, Gaffney claims that the parties did not intend for the deed to transfer title. His evidence of this is a letter he sent Vanover after litigation began. In the letter, Gaffney says that the deed was just executed to allow him to get financing. It was executed and delivered. This recent invention does not rebut the presumption of validity when the grantee possesses the deed. Although the building was never occupied by Gaffney, he took possession of the land.

4.  *Acceleration.*

Gaffney argues that Vanover was required to give notice before it accelerated the payments under the note. A holder accelerates a debt when he demands payment of the entire amount before it is due. A holder must demand payment on past due installments before he can demand the entire amount of the debt. *Williamson v. Dunlap*, 693 S.W.2d 373, 374 (Tex. 1985).

Gaffney promised to make two $40,000 payments. He made neither. When Vanover demanded that Gaffney pay the full purchase price, it whole principal of the note was past due. A holder does not accelerate past due amounts.

5.  *Foreclosure.*

Gaffney insists that Vanover was required to give him notice before the Smiths foreclosed on the property. The only persons entitled to notice are those who are obligated to pay the debt according to the records of the holder. Tex. Prop. Code Ann. § 51.002 (b)(3) (Vernon 2007). The holder does not have to give notice to current property owners, unless they are also debtors. *Lawson v. Gibbs*, 591 S.W.2d 292, 295 (1979). Gaffney was not a debtor to the Smiths because Vanover was required Vanover to pay the lien to the Smiths. Gaffney was not entitled to notice. If Gaffney were entitled to notice, the Smiths would be responsible for notifying him because they foreclosed.

6.  *Damages.*

Gaffney owes the full principal and interest under the note. He also owes the property taxes that were paid by Vanover. He owes the reasonable costs of counsel to enforce the note. Those are the consequences of an unconditional promise to pay.

Harm to the creditor's financial reputation has not been established. The court will assume that Vanover suffered some credit embarrassment. It is not compensable; it is a consequence of taking a credit risk – voluntarily – that turns out badly. Vanover could have agreed that Gaffney assume its obligation to the Smiths, taking a deed of trust to secure the assumption. Courts do not restructure deals years after the terms were chosen by the parties. The interest charged is Vanover's compensation for all the risks associated with the payment and nonpayment of the note – reputational harm from

selecting poor risks was not part of the deal.

Gaffney must also pay the agreed six percent interest on the note. It has been five years and eight months since Gaffney defaulted on the note. Six percent interest on $80,000 for that time is $27,216.

7.  *Attorney's Fees.*

Vanover asks to recover the fees it paid for attorneys in Kentucky and Texas. The party seeking to recover attorney's fees has the burden of proving the fees are reasonable. The reasonableness of attorney's fee is usually a fact question, unless the evidence is not challenged. *Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517–18 (Tex. 1999). Vanover's Texas lawyer testified in an affidavit that $ 10,450 was a reasonable fee for representing a party in a contract case. His opinion was based on his familiarity with the hourly rate for an attorney with his level of experience in Texas's federal courts. He also submitted a billing statement detailing all of his work. Gaffney submitted no evidence to rebut the affidavit supporting attorney's fees. Because the evidence is unchallenged, Vanover will recover its awarded its Texas attorney's fees.

8.  *Conclusion.*

Parties are free to breach contracts if they pay for their choice. Gaffney failed to pay as he promised. He offered transparent quibbles about consideration and notice. Vanover will recover $117,666 from Gaffney.

Signed on June 30, 2007, at Houston, Texas.

                                          _____
                                                   Lynn N. Hughes
                                            United States District Judge